Bernard S. Meyer, J.
This motion to punish for contempt for failure to pay counsel' fee, and cross motion tó be relieved because of financial inability, are respectfully referred to the trial court. The contention that the order awarding, counsel fee is defective in that it directs payment to the attorney rather than the wife is overruled.' While such was the policy and the rule1 under the Chvil Practice Act, none of its provisions governing matrimonial procedure authorized an order directing payment to anyone other than the wife. The amendments made when the procedural provisions were transferred to the Domestic Relations Law included the insertion of such authority with respect to alimony in section 236 of the Domestic Relations Law. While the same language is not repeated in section 237 with respect to counsel fee, the equivocal provision of that section (“the court may direct the husband to pay”) does *807 not proscribe an order for payment to the attorney. Legislative policy concerning payments to third persons having changed, the interpretation given the counsel fee provisions of the Civil Practice Act should not be carried over in interpreting the Domestic Relations Law.
Defendant’s papers do, however, make a sufficient showing of financial inability to require a hearing (Abbey v. Abbey, 7 A D 2d 910). Rather than order a separate hearing on that issue alone, the trial date will be advanced and the motion and cross motion referred to the trial court.